UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60557-CIV-COHN/SELTZER

PURO SYSTEMS, INC.,

    Plaintiff,

vs.

MICHAEL B. BEVILACQUA,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS AND TO COMPEL ARBITRATION

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Pursuant to Rule 12(b) and to Compel Arbitration [DE 6] ("Motion").[1]  The Court has carefully considered the Motion, Plaintiff's Memorandum in Opposition to the Motion [DE 16], and is otherwise advised in the premises.[2]

### I. BACKGROUND

Plaintiff PuroSystems, Inc. is the franchisor of a casualty loss mitigation and remediation business called PuroClean.  See DE 1 ¶¶ 4-8 ("Complaint").  On July 31,

---

    [1] The Eleventh Circuit prefers that district courts stay rather than dismiss arbitrable claims.  Bhim v. Rent-A-Center, Inc., 655 F. Supp. 2d 1307, 1315 (S.D. Fla. 2009) (citing Bender v. A.G. Edwards & Sons, Inc., 971 F. 2d 698, 699 (11th Cir. 1992)).  Accordingly, the Court construes Defendant's Motion as a motion to stay the proceedings and compel arbitration, rather than as a "Motion to Dismiss and Compel Arbitration."
    Although the Federal Arbitration Act ("FAA") provides no independent basis for federal subject matter jurisdiction under Title 28 U.S.C § 1331 or § 1332, see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983), the Court has subject matter jurisdiction to hear this case.  Counts I and II arise under federal law.  See 28 U.S.C. § 1331.  Furthermore, the parties in this case are citizens of different States and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; see also Complaint ¶¶ 1-3.

    [2] Defendant has not filed a reply and the time for filing a reply has passed.

2006, Plaintiff and Defendant executed a PuroClean Franchise Agreement.  Id. ¶ 9; see also DE 1-1 ("Franchise Agreement").  The Franchise Agreement granted Defendant the right to establish and operate a PuroClean franchise for a term of twenty years.  Complaint ¶ 10.  The Franchise Agreement also granted Defendant a limited license to use Plaintiff's federally registered PuroClean trademarks as well as its confidential and specialized business system.  Id.

Plaintiff and Defendant maintained their business relationship without incident for approximately three years.  See id. ¶ 9-12.  In November of 2009, however, disputes arose between Plaintiff and Defendant concerning, among other things, the termination of the Franchise Agreement before the end of its natural term.  Id. ¶ 12.  The Franchise Agreement provides dispute resolution procedures.  The Franchise Agreement states, in pertinent part, as follows:

> 17.1 Prior to the initiation of any litigation or arbitration by either party . . . the parties shall make a good faith effort to resolve any controversies between them by non-binding mediation . . . .  No litigation or arbitration proceeding may be commenced until the earlier of 30 days from written notice by one party to the other of a request to initiate mediation, or the mutual agreement by both parties that mediation has been unsuccessful in resolving the existing controversy.

Franchise Agreement at 22.

Accordingly, on January 27, 2010, in an attempt to resolve their disputes in accordance with the Franchise Agreement, Plaintiff and Defendant participated in non-binding mediation.  Complaint ¶ 13.  The mediation resulted in an impasse.  Id.  The parties agreed that the mediation had been unsuccessful in resolving their existing controversies.  Id.

Because mediation failed to resolve the parties' dispute, the Franchise Agreement would have required the parties to submit their dispute to arbitration. Indeed, the Franchise Agreement contains the following provision:

> 17.2 Except as qualified in 17.1 and 17.5, the parties hereby agree that any and all disputes and claims either arising out of (either directly or indirectly) or related to the Franchise Business, this Agreement or related agreement(s), including breach thereof and including any alleged violation of law shall be submitted to binding arbitration under the Federal Arbitration Act . . . .

Franchise Agreement at 22 ("the Arbitration Provision").

Rather than submit their dispute to arbitration, however, the parties negotiated a Mutual Termination Agreement whereby they "agree[d] to settle and fully resolve all claims and disputes between them." See DE 16-1 ("Termination Agreement"). The Termination Agreement provides that the "Franchise Agreement shall terminate on April 1, 2010." Termination Agreement at 1. The Termination Agreement also incorporates a covenant of the Franchise Agreement in which the Defendant agrees not to compete with the Plaintiff for a period of two years after the termination of the Franchise Agreement. Id. Moreover, the Termination Agreement provides that "[e]nforcement of [the Termination Agreement] shall be had exclusively in a court of competent jurisdiction sitting in Florida." Id. at 2.

Notwithstanding the non-compete provision included in the Mutual Termination Agreement, Defendant has "caused or facilitated the continuation of a casualty mitigation and remediation business from the very same premises as the PuroClean® franchised business operated by the Defendant." Complaint ¶¶ 16-18. This new business operates through Defendant's corporate entity with "continuous, systematic,

and substantial use of the PuroClean marks" in print advertising and internet media. Defendant also utilizes the "same employees, vehicles, equipment and phone numbers" as the former PuroClean franchise.  Id.  Consequently, on April 11, 2010, Plaintiff filed its Complaint with this Court.  Plaintiff's Complaint asserts five counts: (1) trademark infringement under 15 U.S.C. 1114(1)(a); (2) unfair competition under 15 U.S.C. 1125(a)(1)(A); (3) breach of the Franchise Agreement; (4) breach of the Mutual Termination Agreement; and (5) common law fraud for fraudulent inducement into the Termination Agreement.

Defendant asserts in his Motion that the Court should compel arbitration pursuant to the Arbitration Provision in the parties' Franchise Agreement.  Motion at 1.

## II.  DISCUSSION

Defendant contends that under the Franchise Agreement, arbitration is a condition precedent to any litigation between the parties.  Motion at 1-2.  To support his position, Defendant emphasizes the following language from the Franchise Agreement's Arbitration Provision: "[A]ny and all disputes and claims arising out of (either directly or indirectly) or related to the Franchise Business, this Agreement or related agreement(s) . . . shall be submitted to binding arbitration."  Id.  Defendant does not explain his position further.

Ostensibly, Defendant contends that the Arbitration Provision controls not only disputes that arise under the Franchise Agreement, but also disputes that arise under the Termination Agreement.  Stated differently, Defendant appears to presume that the

Franchise Agreement's Arbitration Provision survives the termination of the Franchise Agreement.[3] Defendant, however, ignores the import of the Termination Agreement.

The Termination Agreement modifies the parties' obligations that arose under the Franchise Agreement.[4]  Indeed, the Termination Agreement purports to "settle and fully resolve all claims and disputes" between the parties.  Termination Agreement at 1.  The Termination Agreement also prospectively cancels all of the provisions of the Franchise Agreement, save for certain provisions applicable only to the Defendant.  See id.  Moreover, the Termination Agreement releases Plaintiff from "any and all manner of actions, causes of actions, suits, . . . covenants, contracts, controversies, agreements, promises . . . claims and demands, in law or equity, known or unknown which [Defendant] now has or had from the beginning of the world to the present day."

---

[3] Typically an arbitration clause survives the termination of the document in which it is embodied.  Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionary Workers Union, AFLCIO, 430 U.S. 243, 255 (1977).  The Supreme Court has held that "the parties' failure to exclude from arbitrability contract disputes arising after termination . . . affords a basis concluding that [the parties] intended to arbitrate all grievances arising out of the contractual relationship."  Id.  Contractual obligations to arbitrate are extinguished only when arbitration is "negated expressly or by clear implication."  Id.

[4] Here, the Court finds that the Termination Agreement is unambiguous.  Courts determine, as a matter of law, whether a contract is ambiguous.  Smith v. Shelton, 970 So. 2d. 450, 451 (1997).  Whether a contract is ambiguous as a matter of law depends on whether it is reasonably susceptible to more than one interpretation.  Siever v. BWGaskets, Inc., 669 F. Supp. 2d 1286, 1296 (M.D. Fla. 2009).  However, an ambiguity does not exist merely because a document can possibly be interpreted in more than one manner.  See Bolus v. Morrison Homes, Inc., No. 8:08-CV-1957-T-23TBM, 2009 U.S. Dist. LEXIS 114791, at *9 (N.D. Fla. Dec. 9, 2009) (quoting James v. Gulf Life Ins. Co., 66 So. 2d 62, 63-64 (Fla. 1953) ("The inconvenience, hardship, or absurdity of one interpretation of a contract or its contradiction of the general purpose of the contract is weighty evidence that such meaning was not intended when the language is open to an interpretation which is neither absurd nor frivolous and is in agreement with the general purpose of the parties.")).

Id. at 1-2. Because Defendant released Plaintiff from all contracts and agreements, Defendant necessarily released Plaintiff from Plaintiff's obligation to arbitrate disputes.[5] Furthermore, as noted above, the Termination Agreement reflects the parties' purposeful decision to resolve disputes "in a court of competent jurisdiction sitting in Florida." Id. at 2. Because the Termination Agreement negates "by clear implication" Plaintiff's obligation to arbitrate disputes arising under the Franchise Agreement, Defendant cannot compel arbitration.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b) and to Compel Arbitration [DE 6] is **DENIED**. Defendant shall respond to the Complaint no later than September 7, 2010.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida, this day 18th day of August 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.

---

[5] Conversely, Plaintiff's obligation to release the Defendant from, among other things, all causes of action, suits, contracts, and agreements is contingent upon the Defendant's compliance with the terms of the Termination Agreement. Termination Agreement at 2.